FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

16 FEB -5 AM 11: 56

CLERK
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

RUSTY PATTON, on behalf of himself
and others similarly situated,

    Plaintiff,

vs.

LARUE PEST MANAGEMENT, INC., a
Foreign Profit Corporation, and
KEITH RUEBELING, Individually,

    Defendants.
_____/

CASE NO.

2:16-CV-107-FtM-38MRM

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RUSTY PATTON, on behalf of himself and other employees and former employees similarly situated, by and through the undersigned counsel, files this Complaint against Defendants, LARUE PEST MANAGEMENT, INC. and KEITH RUEBELING, Individually, (collectively, "Defendants") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §201., et seq. (hereinafter the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(h).

### PARTIES

3. At all times material hereto, Plaintiff was, and continues to be a resident of Collier County, Florida.

4. At all times material hereto Defendant, LARUE PEST MANAGEMENT, INC., is a Florida Profit Corporation with a principle place of business located at 5611 8TH STREET W., LEHIGH ACRES, FL 33971 and was engaged in business in Lee County, Florida.

5. At all times relevant to this action, Defendant, KEITH RUEBELING, was an individual resident believed to be residing in Lee County, Florida.

6. At all times relevant to this action, Defendant, KEITH RUEBELING, managed and operated LARUE PEST MANAGEMENT, INC.

7. At all times relevant to this action, KEITH RUEBELING regularly exercised the authority to hire and fire employees of LARUE PEST MANAGEMENT, INC.

8. At all times relevant to this action, KEITH RUEBELING determined the work schedules for the employees of LARUE PEST MANAGEMENT, INC.

9. At all times relevant to this action, KEITH RUEBELING controlled the finances and operations LARUE PEST MANAGEMENT, INC.

10. At all times relevant to this action, KEITH RUEBELING was an employer as defined by 29 U.S.C. 201 et. seq.

11. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

12. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

13. Defendants were, and continue to be "employers" within the meaning of FLSA.

14. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

15. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

16. Based upon information and belief, the annual gross revenue of Defendants were in excess of $500,000.00 per annum during the relevant time periods.

17. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including but not limited to: pest control chemicals, equipment, vehicles and ordering and receiving goods that are moving or will move in interstate commerce.

18. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

19. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

20. The additional persons who may become plaintiffs in this action are/were non-exempt employees of Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours and/or who worked for Defendants in one or more work weeks and were not paid at least minimum wage for all hours worked.

21. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

22. From on or about October 2013 through November 3, 2014, Defendants hired

Plaintiff to work as a nonexempt service technician.

23. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

24. From at least October 2013 and continuing through November 2014, Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

25. Defendants have violated Title 29 U.S.C. §206 and 207 from at least February 2013 and continuing through September 2015 in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

   b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

   c. Defendants have failed to maintain proper time records as mandated by the FLSA.

26. Plaintiff has retained the law firm of BERKE LAW FIRM, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its Services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

27. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 — 26 as if incorporated herein.

28. From at least October 2013 and continuing through November 2014, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

29. Rather, throughout his employment Defendants paid Plaintiff, and all employees similarly situated, a salary and they were not paid for all hours worked including overtime wages.

30. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiffs regular rate of pay for those hours worked in excess of forty (40) hours.

31. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

32. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

33. Defendants have failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

34. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

35. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

36. At all times material hereto, Defendants failed to comply with Title 29 and United

States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half for their overtime hours.

37. Based upon information and belief, Defendants have failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

 a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

 b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

 c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

 d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

 e. Awarding Plaintiff pre-judgment interest;

 f. Granting Plaintiff an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 216(b) and/or FRCP 23, to those similarly situated to Plaintiff; and

 g. Ordering any other further relief the Court deems just and proper.

## COUNT II
## RECOVERY OF UNPAID MINIMUM WAGES

38. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 — 26 as if incorporated herein.

39. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

40. At all relevant times, Defendants employed, and/or continue to employ Plaintiff and similarly situated non-exempt service technicians.

41. At various times, service technicians are required to go out to customer homes and perform work without receiving pay for the work they performed.

42. As stated above, Defendants have a policy and practice of failing to pay their non-exempt service technicians minimum wages for all hours worked.

43. Such a policy and practice violates the FLSA.

44. Defendants' failure to pay Plaintiff and other non-exempt service technicians the full minimum wage is a violation of 29 U.S.C. § 206.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

    b. Awarding Plaintiff compensation in the amount due to him for all Plaintiff's hours worked;

    c. Awarding Plaintiff liquidated damages in an amount equal to the minimum wages award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Granting Plaintiff an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 216(b) to those similarly situated to Plaintiff; and

g. Ordering any other further relief the Court deems just and proper.

Dated this 3rd day of February 2016.

                BERKE LAW FIRM, P.A.

By: _____
Bill B. Berke, Esq.
Florida Bar No. 0558011
berkelaw@yahoo.com
4423 Del Prado Blvd. S.
Cape Coral, FL 33904
Telephone: (239) 549-6689
*Attorneys for Plaintiff*