**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

RUSTY PATTON, on behalf of himself
and others similarly situated,

    Plaintiff,

vs.                                                                            CASE NO.: 2: 16-cv-107-FtM-38MRM

LARUE PEST MANAGEMENT, INC.,
a Florida Profit Corporation, and
KEITH RUEBELING, Individually

    Defendants,
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION
*WITH PREJUDICE* AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff RUSTY PATTON ("Plaintiff") and Defendants LARUE PEST MANAGEMENT, INC. ("Larue") and KEITH RUEBELING ("Ruebeling")(collectively "Defendants") through their respective undersigned counsel and pursuant to Local Rule 3.01, jointly move this Honorable Court to approve the settlement reached by the parties of the FLSA claims in this case and to dismiss the instant action *with prejudice*, and in support thereof state as follows:

1. In Plaintiff's Complaint and Demand for Jury Trial, Plaintiff alleged that unpaid overtime compensation was due to him pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. (the "FLSA"). (Doc. 1).

2. The parties have successfully come to an agreement to resolve their dispute as to Plaintiff's FLSA claims, and now seek approval of that agreement from the Court and dismissal of the instant action *with prejudice*. A copy of the Settlement Agreement and Release of FLSA Claims between the parties is attached as Exhibit "A."

1

3.     The settlement provides that Defendants will pay Plaintiff and his attorneys the following payments:

- $250.00 in unpaid wages and $250.00 in liquidated damages to Plaintiff
- $1,500.00 in attorney's fees and costs to Plaintiff's attorney, Berke Law Firm, P.A.
- $500 for costs

4.     In exchange for all payments made under the terms of the Settlement Agreement and Release of FLSA Claims, Plaintiff agrees to release Defendants from his claims under the FLSA.

5.     The amount of attorneys' fees and costs is reasonable and was agreed upon separately and without regard to the amount paid to Plaintiff. *Bonetti v. Embarq Mgmt. Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

6.     Therefore, the parties are submitting this Motion and the Settlement Agreement and Release of FLSA Claims to the Court for a determination that there has been a fair and reasonable resolution of a bona fide dispute with respect to Plaintiff's FLSA claims, and for dismissal of the instant action *with prejudice*.

7.     Pursuant to the Court's Order [D.E. 10] Granting Plaintiff's Application for Indigency the Plaintiff will reimburse the Court the $400.00 filing fee.

## MEMORANDUM OF LAW

**A.     Standard of Review.**

This action arises under the FLSA. In *Lynn's Foods Stores, Inc. v. U.S. Dep't of Labor*, the Court held, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d 1352 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of

unpaid wages owed to them." *Id.* at 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages . . . and present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1352.

Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of fraud or collusion behind the settlement:
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits:
(5) the range of possible recovery; and
(6) the opinions of counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In considering these factors, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287 at *4 (M.D. Fla. Jan. 8, 2007)(citing *Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977)).

 **B.** **There Is a Bona Fide Dispute as to Plaintiff's FLSA Claims and All of the Relevant Criteria Support Final Approval of the Settlement.**

In *Dees v. Hydradry, Inc.*, the Court first analyzed "internal factors" to determine if a compromise of an overtime claim was fair to the employee and required the parties seeking approval of the compromise to describe the nature of the dispute including the employer's reasons

for disputing the employee's right to compensation and the employee's reasons for believing the disputed wages were due. 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

In this case, Plaintiff asserted that he worked unpaid overtime during various weeks of the applicable limitations period. Defendants asserted that Plaintiff was subject to the 7(i) exemption under the FLSA and was, therefore, not entitled to any overtime compensation. After considering the above disputes, the parties agreed to a compromise with respect to Plaintiff's FLSA claims. Pursuant to the Settlement Agreement and Release of FLSA Claims, Plaintiff is being paid a fair amount in overtime compensation, in addition to the amounts being paid to his attorney for fees.

In evaluating a compromise, the Court should also consider an array of "external" or contextual factors pertinent to the statutory purpose of the FLSA. *Dees,* 706 F. Supp. 2d at 1243-44. Compromise may be permissible if, for example, the FLSA issue in a case is unresolvably close on the facts or the law or some extraordinary circumstance commends a speedy or certain resolution. *Id.* at 1244. Here, the parties agree that there is a bona fide dispute as to whether Plaintiff was exempt from FLSA coverage under the 7(i) exemption and whether he was entitled to overtime compensation at all.

Turning to the specific factors set forth in *Leverso*, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel. Plaintiff was represented by Berke Law Firm, P.A., and Defendant was represented by Jason L. Gunter, P.A. All counsel involved in this case have extensive experience in litigating claims under the FLSA,

including claims for unpaid overtime compensation. Each counsel was obligated to and did vigorously represent their clients' rights.

The complexity, expense, and length of future litigation also militate in favor of this settlement. The parties continue to disagree over the merits of the claims asserted by Plaintiff. As noted above, Plaintiff contends Defendants did not pay overtime compensation to which he was entitled under the FLSA. Defendants maintain that Plaintiff is not entitled to any additional compensation. If the parties continued to litigate this matter, they would likely be forced to engage in a costly trial in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

As to the stage of the litigation, there has been sufficient investigation and exchange of information to allow counsel and the Court to act intelligently in this matter. In agreeing upon the proposed settlement, the parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

Plaintiff's probability of success on the merits and the amount he would be awarded is also uncertain, further suggesting that this settlement is fair and appropriate. As noted previously, Plaintiff asserts that Defendants did not pay overtime compensation to which he is entitled under the FLSA. However, in evaluating the probability of success, Plaintiff considered the exemption asserted by the Defendants under the FLSA.

Given the fact that Plaintiff's hours worked were regularly recorded on time sheets, Plaintiff also considered his ability to prove knowledge by the Defendants of the alleged work performed off-the-clock, as is required under the case law governing FLSA claims. *See, e.g., Fletcher v. Universal Tech. Inst., Inc.,* 2006 WL 2297041 *1 (M.D. Fla. June 15, 2006) ("a plaintiff must show that his employer had knowledge … of his overtime worked."). Plaintiff further

considered the substantial amount of evidence that would be discoverable regarding his actual hours worked and possibly not worked. Finally, the last consideration was Plaintiff's desire for resolution, finality of this proceeding, and the certainty that this settlement provides. Defendants has and still maintains that Plaintiff was exempt from FLSA coverage. Even if Plaintiff succeeds on the merits of his claims, which would require substantial additional time and resources by the parties, the exact amount of Plaintiff's recovery is uncertain.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms*, 2006 U.S. Dist. LEXIS at *6-7. Counsel for both parties discussed the applicability of the exemption in depth. Furthermore, Plaintiff's counsel's fees were agreed upon separately without regard to the amount paid to Plaintiff. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fl. 2009).

## **CONCLUSION**

The FLSA settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter an Order dismissing Plaintiff's FLSA claims, with prejudice.

WHEREFORE, Plaintiff RUSTY PATTON and Defendants LARUE PEST MANAGEMENT, INC. and KEITH RUEBELING, respectfully request that the Court enter an Order: (i) GRANTING this Motion; (ii) APPROVING the settlement of Plaintiff's claims under the Fair Labor Standards Act; (iii) DISMISSING Plaintiff's FLSA claims with prejudice; and (iv) ORDERING such further relief as the Court deems appropriate.

DATED this __4th__ day of October, 2016.

| | |
|---|---|
| **BERKE LAW FIRM, P.A.** | **JASON L. GUNTER, P.A.** |
| */s/ Bill B. Berke* | /s/ *Jason L. Gunter* |
| BILL B. BERKE, ESQ. | Jason L. Gunter |
| Florida Bar No.: 0558011 | Florida Bar No. 0134694 |
| Email: berkelaw@yahoo.com | Conor P. Foley, Esq. |
| 4423 Del Prado Blvd. S. | Fla. Bar No. 111977 |
| Cape Coral, FL 33904 | jason@gunterfirm.com |
| Telephone: (239) 549-6689 | conor@gunterfirm.com |
| *Counsel for Plaintiff* | 1625 Hendry Street, Suite 103 |
| | Fort Myers, Florida 33901 |
| | Telephone:    (239) 334-7017 |
| | Facsimile:    (239) 236-8008 |
| | Counsel for Defendants |

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS ("Agreement") is made by and between RUSTY PATTON ("Plaintiff") and LARUE PEST MANAGEMENT, INC. ("Larue") and KEITH RUEBELING ("Ruebeling")(collectively "Defendants").

WHEREAS, Plaintiff, through the above-referenced case, alleged that unpaid overtime compensation was due to Plaintiff pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA");

WHEREAS, Defendants deny any violation of the FLSA as it regards Plaintiff, and, in fact, asserts that they have at all times complied with the FLSA in compensating Plaintiff; and

WHEREAS, Plaintiff and Defendants wish to avoid further litigation and settle and resolve the controversy between them as it relates to the FLSA amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that Plaintiff's FLSA claims in the above-entitled matter are hereby resolved as follows:

1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **ACKNOWLEDGMENTS**. Plaintiff acknowledges that the settlement reached herein is a fair and reasonable settlement of Plaintiff's FLSA claims against Defendants.

3. **RELEASE OF OVERTIME AND MINIMUM WAGE CLAIMS**.

        a.      This Agreement shall constitute a waiver and release of all claims Plaintiff has or might have under Federal or Florida law regarding overtime and minimum wages against Defendants.

        b.      The parties shall file a Joint Motion for Approval of Settlement and Dismissal of Action With Prejudice with the Court.

        c.      Plaintiff hereby knowingly and voluntarily releases Defendants; their parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers; and their past and present directors, officers, managers, shareholders, members, employees, agents, insurers and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees"); of and from any and all claims arising under the FLSA against any of the Releasees which Plaintiff has or might have as of the date of execution of this Agreement.

    4.    **CONSIDERATION**.

        a.      If: (1) Plaintiff executes this Agreement; and (2) the Court approves this Agreement and dismisses this action with prejudice, then, in consideration of the matters set forth herein, Defendants shall pay to Plaintiff the total sum of TWO THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($2,500.00) (hereinafter the "Settlement Sum"), less applicable deductions as described below, within ten (10) business days after the Court enters an Order approving the parties' Joint Motion for Approval of Settlement and Dismissal of Action With Prejudice.  Such Settlement Sum shall be allocated as follows:

- $250.00, made payable to RUSTY PATTON, as and for overtime compensation allegedly due to RUSTY PATTON pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue to RUSTY PATTON;

- $250.00, made payable to RUSTY PATTON, as and for liquidated damages, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to RUSTY PATTON;

- $2,000.00, made payable to Berke Law Firm, P.A., as payment of attorneys' fees and costs incurred in connection with Plaintiff's claims under the FLSA, and for which separate IRS Forms 1099 shall issue to Plaintiff and Berke Law Firm, P.A. *See Commissioner of Internal Revenue v. Banks* and *Commissioner of Internal Revenue v. Banaitis*, 543 U.S. 426 (2005) and U.S. Treasury Regulation 1.6045-5.

a. Plaintiff understands and acknowledges that Plaintiff would not receive the payments specified in this paragraph except for Plaintiff's execution of this Agreement, including the Release of FLSA Claims contained herein, and Plaintiff's fulfillment of the promises contained herein.

b. Defendants makes no representation as to the taxability of the amounts paid to Plaintiff. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiff agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or Plaintiff's attorneys under the terms of this Agreement.

5. **AFFIRMATIONS**.

a. Plaintiff affirms that, upon payment of the amounts set forth herein, Plaintiff will have been paid and/or will have received all overtime compensation, liquidated damages related to overtime compensation, and attorney's fees and costs in connection with Plaintiff's claims for overtime compensation under the FLSA.

b. Plaintiff affirms that, as of the date Plaintiffs sign this Agreement, Plaintiff is not Medicare eligible (*i.e.*, are not 65 years of age or older; are not suffering from end stage renal failure; and have not received Social Security Disability Insurance benefits for 24

months or longer).  Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Plaintiff under this Agreement, Plaintiff agrees to indemnify, defend, and hold Releasees harmless from any action by CMS relating to medical expenses of Plaintiff. Plaintiff agrees to reasonably cooperate with Releasees upon request with respect to any claim that the CMS may make and for which Plaintiff is required to indemnify Releasees under this paragraph.  Further, Plaintiff agrees to waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

6. **NEUTRAL REFERENCE**.   If contacted for an employment reference, the Company will provide a neutral job reference and disclose Plaintiff's dates of employment and position(s) held only, consistent with current Company policy.

7. **NO ADMISSION**.  Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees.  This Agreement represents the compromise of disputed and contingent claims.

8. **OPPORTUNITY TO REVIEW**.  Plaintiff acknowledges that Plaintiff is aware that he is giving up all FLSA claims he may have against the Releasees.  Plaintiff acknowledges that Plaintiff has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement.  In fact, Plaintiff acknowledges that Plaintiff has consulted with his counsel-of-record, Bill Berke, Esq., prior to executing this Agreement.  Plaintiff signs this Agreement voluntarily.

9. **SEVERABILITY**.  Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it

cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect with respect to Plaintiff's FLSA claims.

10. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court for the Middle District of Florida, Fort Myers Division.

11. **ENTIRE AGREEMENT AS TO FLSA CLAIMS.** This Agreement sets forth the entire agreement between Plaintiff and Defendants as to settlement of the FLSA claims. Plaintiff acknowledges Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to sign this Agreement, except those set forth in this Agreement.

12. **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

13. **THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.**

**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

Dated: _____, 2016         RUSTY PATTON

                                    _____

Dated: _____, 2016         LARUE PEST MANAGEMENT, INC..

                                    _____

                            By:     _____

Dated: _____, 2016         KEITH RUEBELING

                                    _____