UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RUSTY PATTON, on behalf of himself and
others similarly situated

    Plaintiff,

v.                                             Case No:   2:16-cv-107-FtM-38MRM

LARUE PEST MANAGEMENT, INC. and
KEITH RUEBELING,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

Pending before the Court are the parties' Joint Motion for Approval of Settlement and Dismissal of Action With Prejudice (Doc. 35) filed on October 4, 2016 and Settlement Agreement and Release of FLSA Claims (Doc. 37) filed on October 11, 2016. Plaintiff Rusty Patton and Defendants Larue Pest Management, Inc. and Keith Ruebeling request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.

To approve the settlement of the FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by

employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

Plaintiff asserts that Defendants hired him to work as a nonexempt service technician from approximately October 2013 through November 3, 2014. (Doc. 1 at ¶ 22). Plaintiff alleges that Defendants failed to pay him overtime compensation. (Doc. 35 at ¶ 1). Plaintiff initially claimed $5,906.25 in unpaid overtime wages. (Doc. 26-1 at 1). Defendants assert that Plaintiff was subject to an exemption under the FLSA and, thus, was not entitled to any overtime compensation. (Doc. 35 at 4). The parties agreed to settle Plaintiff's claim for $250.00 in unpaid wages and $250.00 in liquidated damages. The Court reviewed the Settlement Agreement and Release of FLSA Claims (Doc. 37) and determines that the terms of the Settlement Agreement and Release of FLSA Claims (Doc. 37) are reasonable as to unpaid overtime and liquidated damages.

Defendants agree to pay $1,500.00 in attorney's fees and $500.00 in costs. (Doc. 35 at ¶ 3). The amount of attorney's fees and costs were agreed upon separately, and without regard to

the amount paid to Plaintiff.  (Doc. 35 at ¶ 5).  As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement."  In *Bonetti*, Judge Presnell concluded that

> if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.  In the instant case, a settlement was reached, and the attorney's fees were agreed upon without compromising the amount paid to Plaintiff.  The Settlement Agreement and Release of FLSA Claims (Doc. 37) appears reasonable on its face.

Plaintiff was permitted to proceed *in forma pauperis* (*See* Doc. 10) and the Order (Doc. 10) included a footnote that if Plaintiff prevailed in this action, he would be required to reimburse the Court for "all non-prepaid fees and costs."  *See* M.D. Fla. R. 4.07(b).  Plaintiff stated he will reimburse the Court for the $400.00 filing fee. (*See* Doc. 35 at ¶ 7).

**IT IS RESPECTFULLY RECOMMENDED:**

1) That the Joint Motion for Approval of Settlement and Dismissal of Action With Prejudice (Doc. 35) be **GRANTED**, and the Settlement Agreement and Release of

FLSA Claims be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) Upon receipt of the settlement proceeds, Counsel for the Plaintiff be required to reimburse the Court for the filing fee of $400.00.

3) The Court further recommends that if the District Court adopts this Report and Recommendation, that the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on October 12, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties

4